UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAGI SCOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:14-cv-01512-JCH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Hagi Scott's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1.) The Government has filed a Response (ECF No. 3), and the matter is ready for disposition. Because the Court finds that Petitioner's claim can be conclusively determined based upon the Parties' filings and the record, this Court decides this matter without an evidentiary hearing.

## BACKGROUND

On September 23, 2010, Petitioner was charged in a multi-count indictment with distribution of controlled substances. (ECF No. 1 (No. 4:10-cr-00496-JCH).) On January 19, 2011, pursuant to a written plea agreement, Petitioner pled guilty to knowingly distributing heroin resulting in the death of another, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C). In exchange for Petitioner's guilty plea, the Government agreed to dismiss the remaining counts in the indictment, to not seek statutory enhancement of Petitioner's sentence under section 851(a), and to not oppose Petitioner's request for a downward variance to a sentence of 240 months in prison.

1

In the plea agreement, Petitioner admitted to knowingly violating section 841, and admitted that there was a factual basis for the plea. Petitioner indicated that he understood that the elements of the crime were as follows: "(1) on or about November 25 or 26, 2009, the defendant distributed a mixture or substance containing heroin, a Schedule I controlled substance; (2) defendant knew he was distributing a controlled substance; (3) that the death of Ryland Peace Ort resulted from the use of heroin, so distributed by defendant." (ECF No. 28 at 1-2 (No. 4:10-cr-00496-JCH).) The Parties stipulated to the following facts, which they agreed "the government would prove…beyond a reasonable doubt if the case were to go to trial":

> On Thanksgiving, November 26, 2009 at approximately 12:26p.m., emergency personnel responded to 401 Carswold Drive in Clayton, Missouri for a death call. The victim was Ryland Ort (22 years old). Ort's mother, June Bourque, reported that her son had returned home at approximately 5:30-6:00a.m. and was clearly under the influence of heroin. A subsequent autopsy was performed and revealed the cause of death was acute intoxication with heroin and cocaine. The medical examiner confirmed that the heroin intoxication would have killed the victim independently of the cocaine.

*Id.* at 2-3. Also in the plea agreement, Petitioner agreed to waive his rights to appeal and "to contest his conviction or sentence in any post-conviction proceeding, including one pursuant to [section 2255], except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.* at 6-7.

On April 21, 2011, Petitioner was sentenced to 240 months in prison. Petitioner did not directly appeal his conviction. On September 2, 2014, Petitioner filed the instant section 2255 Petition seeking release based on the Supreme Court's ruling in *Burrage v. United States*, 134 S. Ct. 881 (2014). In *Burrage*, the Supreme Court held that "where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of

21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Id.* at 892. As his sole ground for relief, Petitioner asserts:

> Following the U.S. Supreme Court's decision in *Burrage v. United States*, the 20-year mandatory sentence enhancement under 841(b)(1)(C) requires but-for causation. Movant's conduct was not charged or found to be a but-for cause of death of the person to which the heroin was distributed. Accordingly, Movant's guilty plea and sentence must be vacated.

(Petition at 4.) Petitioner further asserts that his Petition is timely under section 2255(f)(3). *See* 28 U.S.C. 2255(f)(3) (1-year limitation period shall run from date on which right asserted was initially recognized by Supreme Court, if that right has been newly recognized by Supreme Court and made retroactively applicable to cases on collateral review). *Id.* at 10.

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to section 2255, a federal prisoner may seek habeas relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under section 2255, the error of which the movant complains must amount to a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quotation and citation omitted).

A section 2255 petitioner, however, "cannot raise a nonconsitutonal or nonjurisdictional issue in a [section] 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citations omitted). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a section 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001

3

(8th Cir. 2001) (citation omitted). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quotations and citations omitted).

The Court must hold an evidentiary hearing to consider claims raised in a section 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). The Court may dismiss a section 2255 claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (citation omitted).

## DISCUSSION

### A. Waiver of Claim

The entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. *United States v. Winheim*, 143 F.3d 1116, 1117 (8th Cir. 1998); *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989) (per curiam). The Eighth Circuit has enforced a defendant's plea agreement promise to waive his right to appeal, or to challenge via a post-conviction writ of habeas corpus the district court's entry of judgment and imposition of sentence. *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (citations omitted). The court does not "distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." *Id.* at 923. However, "the decision to be bound by the provisions of the plea agreement, including the waiver provisions, must be knowing and voluntary." *Id.* (citation omitted).

In the plea agreement, Petitioner specifically waived all rights to contest his conviction and sentence in any post-conviction proceeding, including one pursuant to section 2255, except claims of prosecutorial misconduct or ineffective assistance of counsel. Petitioner never challenged the voluntariness of the waiver provision or the plea agreement generally, and he does not do so in the instant section 2255 Petition.[1] Therefore, the Court concludes that the waiver is enforceable, and that any right Petitioner may have had to challenge his conviction on the basis set forth in his Petition has been waived. *See Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011) (waiver is enforceable, provided (1) defendant knowingly and voluntarily waived his right to appeal; (2) issues defendant wishes to appeal fall within the scope of the waiver, and (3) enforcement of the waiver would not result in a miscarriage of justice); *cf. United States v. McIntosh*, 492 F.3d 956, 960 (8th Cir. 2007) (concluding appeal waiver was knowing and voluntary when, inter alia, it was included in plea agreement and defendant did not argue on appeal that he had entered into agreement unknowingly or involuntarily).

Even if Petitioner had not effectively waived his right to challenge his conviction, and even assuming for purposes of Petitioner's argument only that *Burrage* involved a new rule of constitutional law made retroactively applicable to cases on collateral review, *see Ragland v. United States*, 756 F.3d 597, 602 (8th Cir. 2014) ("*Burrage* itself is silent on whether its holding applies retroactively to cases on collateral review"), Petitioner still would not be entitled to relief on the merits of his claim. Here, the Parties stipulated in the plea agreement that the cause of the

---

[1] In his Reply Brief, Petitioner alleges that he is actually innocent of the charge for which he was convicted, and that "his plea was not knowing and voluntary—based on the intervening change in substantive law directly pertaining to his conviction in [*Burrage*]." (ECF No. 6 at 1.) He also appears to assert new claims of prosecutorial misconduct and ineffective assistance of counsel. *Id.* at 2-10. However, Petitioner is barred from raising claims for the first time in a reply brief, and as discussed in more detail below, these claims are untimely. *See Smith v. United States*, 256 Fed. Appx. 850, 852 (8th Cir. 2007) (unpublished per curiam) (citing *Hohn v. United States*, 193 F.3d 921, 923-24 n.2 (8th Cir. 1999)).

victim's death was "acute intoxication with heroin and cocaine," and that "the medical examiner confirmed that the heroin intoxication would have killed the victim independently of the cocaine." Contrary to Petitioner's assertions, the factual stipulations in the plea agreement—which the Parties agreed the Government would prove beyond a reasonable doubt if the case were to go to trial—reveal that the heroin was independently sufficient to cause the victim's death. *Cf. Burrage*, 134 S. Ct. at 892 (government conceded that there was no evidence that victim would have lived but for his heroin use). Therefore, Petitioner is not entitled to relief on this ground.

## B. Motions for Leave to Amend Petition

On February 19 and April 17, 2015, Petitioner moved for leave to amend his Petition. Petitioner seeks to add claims of ineffective assistance of counsel and prosecutorial misconduct, based upon allegations that the victim's death was in fact a suicide, that plea counsel did not sufficiently investigate the charges in the indictment, and that prior to the plea hearing exculpatory evidence had been withheld from Petitioner. (ECF Nos. 7-9.) Petitioner acknowledges that the proposed amendments were filed outside the one-year limitation period, *see* 28 U.S.C. § 2255(f) (establishing one-year period of limitation for § 2255 post-conviction motions; limitation period begins to run from date on which conviction became final), but he argues that his untimely claims relate back to the timely filing of the original claim in his Petition. (ECF Nos. 8 at 1-2; 9 at 2.)

The determination of whether a claim relates back to an initial pleading is controlled by Rule 15(c) of the Federal Rules of Civil Procedure. *See Barnett v. Roper*, 541 F.3d 804, 807 (8th Cir. 2008). Rule 15(c)(1)(B) provides, in relevant part:

> (1) ***When an Amendment Relates Back***. An amendment to a pleading relates back to the date of the original pleading when:

> …
> (B) the amendment asserts a claim…that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading…

The same "conduct, transaction, or occurrence" is narrowly defined to mean claims that are tied to a "common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005); *see also United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999). With respect to proceedings under section 2255, relation back is permitted only if the amended claims "can be said to have arisen out of the same set of facts as [the movant's] original claims." *Mandacina v. United States*, 328 F.3d 995, 1000 (8th Cir. 2003). Relation back is not allowed when the new claims depend upon events separate in "both time and type" from the original claim. *See Mayle*, 545 U.S. at 657 (citations omitted).

Upon review of the Petition and the proposed amendments, the Court concludes that the relation back doctrine does not apply. The proposed amendments involve new claims that pertain to the pre-trial conduct of the attorneys in Petitioner's case rather than on after-the-fact case law development, and therefore they fundamentally differ in both time and type from Petitioner's original claim. *See United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (concluding relation back was not proper where "[t]he facts alleged in the original claim were not such that would put the opposition on notice" of the issue raised in the amended claim). In addition, Petitioner alleges no "extraordinary circumstances" beyond his control that prevented him from asserting these claims earlier. *See Id.*; *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005). Thus, there is no basis for equitable tolling. Furthermore, Petitioner does not assert that new facts have come to light demonstrating his actual innocence.

In view of the foregoing, Petitioner's requests for leave to amend are denied, and the Court will not consider his time-barred claims as part of his section 2255 motion.

C. **Motion to Appoint Counsel**

Also pending before the Court is Petitioner's Motion to Appoint Counsel, filed February 19, 2015. (ECF No. 7.) There is neither a constitutional nor a statutory right to counsel in section 2255 proceedings. *See* 28 U.S.C. § 2255(g); *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). If, as here, no evidentiary hearing is necessary, the appointment of counsel is discretionary. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). In exercising its discretion, the Court should consider the legal and factual complexity of the case, the movant's ability to investigate and present the claim, and any other relevant factors. *See Id.* Having considered the relevant factors, the Court concludes that the appointment of counsel is not necessary in this case. The Petition is not factually or legally complex, and Petitioner has demonstrated that he is capable of presenting facts and legal issues without the assistance of counsel.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Hagi Scott's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 1) is **DENIED**, and that his claim is **DISMISSED with prejudice**. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Petitioner's Motions for Leave to Amend his Petition (ECF Nos. 8, 9) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 23rd day of May, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE